Smith, J.P, and Peradotto, J.
(concurring). We concur in the result reached by the majority, i.e., that Supreme Court properly dismissed the petition in this CPLR article 75 proceeding. We write separately, however, because we respectfully disagree with *1440 the majority’s conclusion that the petition was timely filed. We instead agree with the trial court that the petition was untimely inasmuch as it was not filed within “ten days after receipt of the hearing officer’s decision” (Education Law § 3020-a [5] [a]).
As the majority notes, petitioner was employed by respondents as an administrator for over 17 years and as the elementary school principal since 2003, when he was granted tenure. On February 28, 2012, respondents filed formal disciplinary charges against petitioner, and petitioner requested a hearing pursuant to Education Law § 3020-a. Following the hearing, the Hearing Officer (HO) sustained the charges against petitioner and determined that termination was the appropriate penalty. The HO issued his decision on January 15, 2013, and emailed it to the parties on the same date. That evening, respondent Board of Education of Depew Union Free School District adopted a resolution to terminate petitioner’s employment. By letter dated January 16, 2013, respondent Depew Union Free School District (District) notified petitioner that it was implementing the penalty imposed by the HO and that petitioner’s employment with the District was terminated effective January 15, 2013. Petitioner received the District’s letter on January 17, 2013. The HO also mailed a copy of his decision to the State Education Department (SED), which received the decision on January 16, 2013. The SED then mailed a copy of the decision to the parties on January 22, 2013. Petitioner’s attorney received the mailing from the SED on January 23, 2013.
On February 1, 2013, petitioner commenced this CPLR article 75 proceeding seeking to vacate the HO’s decision and, on February 5, 2013, a process server hired by petitioner served the notice of petition and petition upon a payroll clerk employed by the District in its business office. In lieu of answering, respondents filed a pre-answer motion to dismiss the petition on the grounds that the court lacked personal jurisdiction over respondents based upon improper service of process and that the proceeding was not timely commenced under Education Law § 3020-a. The court granted the motion, concluding both that the petition was not timely filed pursuant to Education Law § 3020-a (5) and that petitioner’s service of the petition was defective because there was no evidence that the “payroll clerk was a designated school officer of the [District].”
We agree with the majority’s conclusion that the court properly dismissed the petition for lack of personal jurisdiction based on improper service of process, and thus concur in the result. We disagree with the further conclusion of the majority, however, that the court erred in determining that the proceeding is time-barred.
*1441 Education Law § 3020-a sets forth disciplinary procedures for, inter alia, tenured teachers and administrators. As relevant here, subdivision (4) of section 3020-a governs post-hearing procedures, and subdivision (5) governs appeals from a hearing officer’s determination. With respect to post-hearing procedures, Education Law § 3020-a (4) (a) provides that “[t]he hearing officer shall render a written decision within [30] days of the last day of the final hearing, . . . and shall forward a copy thereof to the commissioner [of education of the State of New York] who shall immediately forward copies of the decision to the employee and to the clerk or secretary of the employing board” (see § 2 [5]). Section 3020-a (4) (b) provides that “[w]ithin [15] days of receipt of the hearing officer’s decision the employing board shall implement the decision.” With respect to appeals, section 3020-a (5) (a) states that, “[n]ot later than [10] days after receipt of the hearing officer’s decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511].”
The issue here is whether “receipt” as used in Education Law § 3020-a (5) (a), which governs the timeliness of appeals, is limited to receipt of the decision from the commissioner via the procedure set forth in section 3020-a (4) (a), or whether “receipt” encompasses other means of delivery, such as the HO’s email transmission to the parties in this case. Petitioner asserts, and the majority agrees, that the language “receipt of the hearing officer’s decision” in section 3020-a (5) refers to the receipt of the decision from the SED as set forth in section 3020-a (4). We disagree.
It is well settled that “[t]he primary consideration of courts in interpreting a statute is to ‘ascertain and give effect to the intention of the Legislature’ ” (Riley v County of Broome, 95 NY2d 455, 463 [2000], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a] at 177), and that “the words of the statute are the best evidence of the Legislature’s intent” (id.). “ ‘[A] court cannot amend a statute by inserting words that are not there,’ . . . [and] an ‘inference must be drawn that what is omitted or not included was intended to be omitted and excluded’ ” (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995], rearg denied 85 NY2d 1033 [1995]). Thus, “[w]here ... a statute is clear, a court should not attempt to cure an omission in the statute by supplying what it believes should have been put there by the Legislature” (Matter of Daniel C., 99 AD2d 35, 41 [1984], affd 63 NY2d 927 [1984]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 363, Comment).
*1442 Here, although section 3020-a (4) (a) of the Education Law provides that a hearing officer “shall forward” a copy of his or her decision to the SED, which in turn “shall immediately forward” copies of the decision to the employee and the employing board, the statute does not state that such procedure is the only method of notifying the parties of a hearing officer’s decision. In order to accept the restrictive definition of “receipt” advanced by petitioner and adopted by the majority, we would have to insert language into the statute by construction. Specifically, we would have to read the statute as stating that “[n]ot later than [10] days after receipt of the hearing officer’s decision [from the commissioner], the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer” (§ 3020-a [5] [a]). In our view, had the legislature intended to limit receipt of the decision for purposes of measuring the time to appeal in subdivision (5) (a) to receipt from the SED as required in subdivision (4) (a), it could easily have done so by inserting the above italicized language.
Contrary to the assertion of petitioner, we conclude that allowing receipt of the decision from someone other than the commissioner does not render the notice provisions in section 3020-a (4) (a) of the Education Law superfluous. Those provisions ensure that there is a procedure by which the parties are certain to receive the HO’s decision, but such procedure is not the only permissible method of providing notice of the decision. We further note that the SED has an independent interest in receiving notice of disciplinary determinations involving school personnel inasmuch as it is “charged with the general management and supervision of all public schools and all of the educational work of the state” (§ 101; see § 305 [2] [commissioner of education “shall have general supervision over all schools and institutions which are subject to the provisions of this chapter”]).
Finally, although not necessary to our analysis, we note that the legislative history of the statute supports our conclusion (see generally Riley, 95 NY2d at 463; New Yorkers for Constitutional Freedoms v New York State Senate, 98 AD3d 285, 294-295 [2012], lv denied 19 NY3d 814 [2012]). Prior to 1994, Education Law § 3020-a hearings were conducted by a three-member hearing panel (see former § 3020-a [3] [a]; Governor’s Program Bill Mem, Bill Jacket, L 1994, ch 691 at 8). After the hearing, the commissioner was required to forward a report of the hearing, including the hearing panel’s findings and recommendations, to the parties (see former § 3020-a [4]), who could appeal those *1443 recommendations to the commissioner or bring a special proceeding pursuant to CPLR article 78 (see former § 3020-a [5]). After 1994, section 3020-a was amended to provide that hearings were, in most cases, to be conducted by a single hearing officer, and that the hearing officer’s decision was a final determination appealable only pursuant to CPLR article 75 (see § 3020-a [3] [a], [b]; [5], as amended by L 1994, ch 691, § 3; Governor’s Program Bill Mem, Bill Jacket, L 1994, ch 691 at 7; Letter from NY State Educ Dept, Aug. 2, Bill Jacket, L 1994, ch 691 at 18). In lieu of requiring the commissioner to send the parties a copy of the panel’s recommendation, the amendment directed the commissioner to send the parties a copy of the hearing officer’s decision (see § 3020-a [4], as amended by L 1994, ch 691, § 3). We thus submit that the requirement that the decision be sent first to the commissioner and thereafter sent by the commissioner to the parties is a vestige of the former statute, which gave the commissioner the authority to review section 3020-a decisions, and does not suggest that the only proper method of notice to the parties of a hearing officer’s decision is from the commissioner.
It is undisputed that petitioner received the HO’s decision via email on January 15, 2013, and that he did not commence this CPLR article 75 proceeding until February 1, 2013, more than 10 days after receipt of the HO’s decision. We therefore conclude that the court properly dismissed the petition on the additional ground that the proceeding was not timely commenced pursuant to Education Law § 3020-a.
Present — Smith, J.P, Fahey, Peradotto, Sconiers and Valentino, JJ.